U.S. COURT OF APPEALS
RECEIVED
CLERK
NOV 07 2022
ATLANTA, GA

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

### NO. 21-10989-JJ
### DC DOC NO. 5:19-CV-00383-TES-CHW

Zavala,     Appellant

v

Ward et al.,   Respondent

## PETITION TO ACCEPT AMENDED BRIEF FOR GOOD CAUSE

COMES NOW pro se plaintiff-Appellant petitioning this Honorable court to accept this Amended Appellants brief. In support of this motion I make the following factual statements under Oath & penalty of perjury:

1.) I received a notice from this court on or about October 3rd, 2022 almost a week from the time it was post-marked. For the previous month I have made endless petitions to DCV-1 Staff members & Unit-team supervisors: Dixon, Burkett, Pollard & Williams & others for Issuance of a pen.

2) This simple legal writing material has been continuesly denied by all staff @ USP of ATL & a cycle of false promises to be issued such have gone unfulfilled.

3.) Pens are not sold on the commissary in DCU-7 & are practicaly contraband! I have only been able to obtain such "under the table" in the past 9 months & was finaly issued this one by Jail Admin Burkett after weeks of excrutiating request & spin moves.

4.) I find no coincidence in the fact that staff waited until State Senator Ossoff did his rounds @ USP of ATL to issue these long awaited for writing materials. These deliberate indifferences are the norm @ this facility & administrators went out of their way to ensure that I was not present in the DCU-7 when the walk through was conducted.

5.) I have been enduring 1st Amendment violations including interceptions of mail @ this facility & 15 personal letters from my significant other were rejected without due process for attempting resolution of such violations through the BOP administrative remedy program which I have gathered proof of corruption.

Relief Sought:

I pray this court of Appeals will here my case & allow this amendment be made in sake of Justice.

On this 1st day of November, 2022 in Fulton County, GA.

Respectfully
DAVID ZARIALA, pro se

**U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT**

**CERTIFICATE OF INTERESTED PERSONS
AND CORPORATE DISCLOSURE STATEMENT (CIP)**

_____ZAVALA_____ vs. ___WARD___ Appeal No. _21-10989-J_

11th Cir. R. 26.1-1(a) requires the appellant or petitioner to file a Certificate of Interested Persons and Corporate Disclosure Statement (CIP) with this court within 14 days after the date the case or appeal is docketed in this court, and to include a CIP within every motion, petition, brief, answer, response, and reply filed. Also, all appellees, intervenors, respondents, and all other parties to the case or appeal must file a CIP within 28 days after the date the case or appeal is docketed in this court. **You may use this form to fulfill these requirements.** In alphabetical order, with one name per line, please list all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party.

_(please type or print legibly)_:

1.) George Ball, Unit Manager 2.) Alfred Evans, 3.) Benjamin Ford, 4.) Grey Davis, 5.) Jones Gordy, Bree 6.) GDC 7.) Marry Gove, 8.) Jimmy Harper 9.) Ricky Myrick, 10.) Micheal Nopen, 11.) Joseph Pelote, 12.) Tilman E. Self III, 13.) Thomas Sumpter, 14.) Cedric Taylor, 15.) Rober Toole, 16.) Timothy C. Ward, 17.) Elaine Wagy 18.) Charles H. Weagle 19.) David Zavala

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

NO. 21-10989-J
D.C. DOC NO. 5:19-CV-00383-TES-CHW

D. ZAVALA,   Plaintiff-Appellant

    v.

T. WARD ET AL.,   Defendant-Appellees:

## AMENDED BRIEF OF PLAINTIFF-APPELLANT

COMES NOW, on appeal from the U.S. District Court for the Middle District of GA (Hon. Judge Tilman E. Self III)

David Zavala, Pro Se Plaintiff-Appellant
Inmate # 01574120
@ USP of ATL
PO BOX 150160
Atlanta, GA, 30315

# CERTIFICATE OF INTERESTED PERSONS

Pursuant to FRAP Rule 26.1 & 11th Cir. Rule 26.1-1, I pro sé plaintiff-Appellant David Zavala, hereby state that to the best of my knowledge the following individuals & entities have an interest in the disposition of this case:

1.) George Ball, Unit Manager
2.) Alfred Evans, Lieutenant
3.) Benjamin Ford, Warden
4.) Grey Davis, Lieutenant
5.) Jonas Goody, Grievance Counselor
6.) Georgia Dept of Corrections
7.) Mamy Gore, Health Authority
8.) Jimmy Harper, Lieutenant
9.) Ricky Myrick, Asst. Commissioner
10.) Micheal Nopen, Lieutenant
11.) Joseph Polite, Deputy Warden
12.) Tilman E. Self III, Judge
13.) Thomas Sumpter, Capitan.
14.) Cedric Taylor, Regional Director
15.) Robert Toole, Director of Field operations
16.) Timothy C. Ward, Commissioner
17.) Elaine Wayy, Nurse Practitioner
18.) Charles H. Wiegle, Judge
19.) David Zavala, pro sé plaintiff

# TABLE OF CONTENTS

Table of Authorities...

USCA11 Case: 21-10989    Document: 39    Date Filed: 12/03/2020    Page: 6 of 27

1.) Livingston v. Piskor et al., 215 F.D.R 84 (W.D.N.Y 2003)
2.) Dale v. Chandler, 438 F.3d 804 (7th Cir 2006)
3.) Grisby v. McBeth, 810 Fed Appx. 136 (3rd Cir. 2020)
4.) Aguilar-Avellaveda v. Terrell, 478 F.3d 1223 (10th Cir. 2007)
5.) Whatley v. Warden, 802 F.3d 1205 (11th Cir 2015)
6.) Haines v. Kerner, 404 U.S. 519 (1972)
7.) Scharfenberger v. Wingo, 542 F.2d 328 (6th Cir 1976)
8.) Bryant v. Rich, 530 F.3d 1368 (11th Cir 2008)
9.) Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)
10.) Dale v. Lappin, 376 F.3d 652 (7th Cir. 2004)
11.) Williams v. Brownman, 981 F.2d 901 (8th Cir. 1992)
12.) McNeal v. Macht, 763 F.Supp. 1458 (E.D.Wis. 1991)
13.) Garaux v. Pulley, 739 F.2d 437 (9th Cir 1984)
14.) Griffith v. Wainwright, 772 F.2d 822 (11th Cir 1985)
15.) Moody v. Weymouth, 805 F.2d 30 (1st Cir. 1986)
16.) Smith v. Tarrant County, 641 F.2d 207 (5th Cir. 1982)
17.) Roberts v. Neal, 745 F.3d 232 (11th Cir 2014)
18.) Povey v. Conley, 544 F.3d 739 (7th Cir 2008)
19.) Underwood v. Hunter, 604 F.2d 367 (5th Cir 1979)
20.) Elliot v. Pan American Corp., 705 F.2d 705 (3rd Cir 1983)
21.) Portland v. Kaiser, 662 F.2d 641 (9th Cir 1980)
22.) Moore v. US, 91 U.S. 270, 23 LED 346 (1876)
23.) Dean v. US, 246 F.568 (8th Cir. 1917)
24.) US v. Swan, 396 F.2d 883 (2nd Cir 1968)
25.) US v. Woodson, 526 F.2d 550 (9th Cir 1975)
26.) Lemmons v. U.S., 62 F.2d 608 (10th Cir 1932)

27.) Fuston v. U.S., 22 F.2d 66 (9th Cir. 1927)
28.) Landsdorf v. Seefeld, 47 F.3d 893 (7th Cir. 1995)
29.) Chewing v. Ford Motor Co., 35 F.Supp 2d 487 (S.C. 1998)
30.) Turner v. Burnside, 541 F.3d 1077 (11th Cir. 2008)
31.) Dillon v. Roger, 596 F.3d 260 (5th
32.) Roberts v. Neal, 745 F.3d 232 (7th Cir. 2014)
33.) Scharfenberger v. Wingo, 542 F.2d 328 (9th Cir. 1976)
34.) Rule 12   35.) Rule 56   36.) Rule 60(b) of Fed.R.Civ.P.
37.) Fed. R. of Evid. 901(b)(2)(3)(4)(7) ₹(8).
38.) 42 U.S.C.S ss 1997   39.) 28 U.S.C.S. ss 1746
40.) 28 U.S.C.S ss 1732

Statement of Jurisdiction . . .                          pg. 2.
Statement of the Issues . . .                            pg. 2.
Statement of the Case . . .                              pg. 3.
   A. Nature of the Case :                               pg. 3.
   B. Procedural History :                               pg. 4.
   C. Factual Background :                               pg. 4
   D. Standard of Review :                               pg. 5
Summary of Argument . . .                                pg. 7
Argument   . . .                                         pg. 8
   A. Mr. Zavala's factual statements were not accepted as true ⅓/or in
   the light most favorable ₹ undue credibility was given to
   defendant grievance without merit . . .
   B. Adequate notice of motions conversion ₹ hearing was not
   provided ₹ discovery request of relevant materials were
   denied . . .

C. Mr. Zavala's factual statements throughout the record effectively pieced the evidence & his rebuttals raised genuine issues of fact for a jury to decide...

D. No handwriting comparisons were made pursuant to 28 U.S.C.S §§ 1732 when an alleged forgery of signitures was the basis for dismissal...

E. Additional grounds to proceed with grievance #281S145 (281515), #281509, & #288104...

CONCLUTION


STATEMENT REGARDING ORAL ARGUEMENT

I David Zavala, Pro se plaintiff-Appellant respectfully move the court pursuant to FRAP Rule 34(a) for addition of this case to the arguement calandar. This case raises important questions about proper notice & hearing standards before Rule 12 to Rule 56 Motion conversions, allowance of discovery before dismissal on failure to exhaust administrative remedy grounds, proper review of admitted signitures pursuant to 28 U.S.C.S §§ 1732 when forgery of grievance reciepts signitures is the basis for dismissal, & many other matters applicable to prisoners seeking relief on unconstitutional grounds from solitary confinement treatment that inflicts extreme physical & psychological toll & mass cover-ups of such treatment through corruption of the administrative remedy program. I Pro se Plaintiff-Appellant respectfully submitt that oral arguement would aid the court in its consideration of these important questions & further

(1)

submit that this appeal is not frivolous, & to my knowledge, the dispositive issues raised in this appeal have not been recently or authoritatively decided in this circuit.

## STATEMENT OF SUBJECT MATTER & APPELLATE JURISDICTION

The District Court had jurisdiction under 28 U.S.C.S. ss 1331, 28 U.S.C.S. ss 1343, & 42 U.S.C.S. ss 1983. The Magistrate Judges R&R was adopted August 31, 2020. The complaint was dismissed & final judgement was entered. Zavala timely filed his notice of appeal on September 15, 2021. This court now holds jurisdiction under 28 U.S.C.S ss 1291.

## STATEMENT OF THE ISSUES

1.) Whether the district court erred in giving undue credebility to defendants pleadings when Zavala provided clear documentary proof & raised genuine issues of fact that the court should have accepted in the light most favorable to plaintiff.

2.) Whether the district court erred in leaving effective rebuttals, Plaintiff's evidence piercing statements, & other issues unaddressed.

3.) Whether the district court erred in granting summary judgement without issueing adequate notice or hearing regarding a Rule 12(b) to Rule 56 motion conversion nor allowing discovery first.

4.) Whether the district court erred in failing to make hand-writting comparison pursuant to 28 U.S.C.S ss 1732 when

(2)

an alleged forgery of signitures was at controversy & the basis of dismissal.

5.) Whether the lower court abused its descretion in enforcing procedural bars that the prison waived.

## STATEMENT OF THE CASE

Comes Now, pro se plaintiff-Appellant David Zavala a prisoner currently warehoused @ USP of ATL in Fulton County, Atlanta, GA, being fully competent, swear under Oath & penalty of purjery that the below factual statements & assertions are made from the best recollection of personal knowledge:

A. Nature of the Case - I was admitted to the GDCP/SMU in Jackson, GA on October 5th, 2018 in the midst of the Middle District Class action Gumm v. Sellers, 5:15-cv-41-MTT-CHW, in which prison officials (Named Defendants) were reluctant to provide relief pursuant to preliminary injunctions. The already egregious conditions of confinement became worse for me than all other inmates after a shake-down performed on New Years Eve of 2018 turned into an unjustified excessive use of force. I spent the first 2 days of 2019 enduring pain & corporeal punishment left naked in an empty metal & concrete cell under bone-chilling frigid temperatures restrictions placed on my person requiring 5 officials to escort me out of my cell & an Lt. 3/or above ranking official be present at all interactions despite of staff shortages intensified draconian conditions creating atypical hardships. The restrictions were issued without a hearing nor a significant periodic

(3)

review. The numerous cruel & unusual punishments were worsened by ill-will & callous indifference of defendants when I persisted in utilizing the GDC's administrative remedy program. These treatments constantly became blatant retaliatory acts. Defendant Goody, the Grievance councelor at the institution, with approval & encouragement from other defendants, began to openly discard my grievance forms after their misrepresentations, threats, & retaliations were not enough to stop me from pursuing relief & redress in accordance to PLRA exhaustion standards. ~~period~~. I provided the lower court with the actual & factual grievance reciepts signed & issued by the defendant grievance councelor. Goody has now knowingly provided false statements under oath & penalty of purgery purporting that I forged his signiture & fabricated grievance/appeal reciepts. These fraudulent statements are the basis for the Hon. Magistrate Judge Charles H. Weigle's recommendation & adopted ruling for the premature dismissal of this case.

<u>Procedural History</u> - On September 23rd, 2019 I appellant Zavala filed this complaint agianst defendant-appellees seeking, inter alia, injunctive relief as well as compensatory & punitive damages for several instances of mistreatments I was subjected to, under color of state law, in which my $1^{st}, 5^{th}, 8^{th}, \& 14^{th}$ amendment rights under the U.S. Constitution were egregiously violated @ the GDCP/SMU in Jackson, GA. After a preliminary screening required by PLRA standards, 42 U.S.C.S. ss 1997 e(c)(2) & pursuant to 28 U.S.C.s ss 1915(e); by recommendations of April 2nd, 2020, & Order of April 22nd, 2020 the Middle District

(4)

allowed the following claims to proceed: 1) Excessive use of force, 2) Due-process claims regarding restrictions, 3) Conditions of Confinement, 4) Denials of medical treatments, & 5) Retaliations for filing grievances/internal complaints. (DE#16, ORDER) Subsequently, 3 motions for Stay of Discovery & to Dismiss were filed (DE#37,50, &68). Those protecting Discovery were granted immediately & the later granted March 2nd, 2021 (DE#74) I filed a timely notice of appeal March 25th, 2021 (DE#77, NOTICE OF APPEAL).

Statement of Facts — From the time the excessive use of force incident occured on New Years Eve of 2018 to the filing of this complaint on or about September 2019 I submitted approximately 23 grievances only 8 of which were processed & allowed to go on prison records. The remaining well drafted grievances were obstructed by defendant prison staff through official misconduct eignther by avoiding my person & denying forms, misrepresentations, & discarding them in my presence. When I persisted agianst these obstructions Staff threatened to make my conditions worse. The threats became actual retaliations. These allegations are rittled throughout the record Since the begining of this litigation. (DE#1, COMPLAINT, Sect. III, 9.(a)(b); Sect. V ¶ 32-36, ¶ 47-48, & ¶ 56) Before recieving defendants responce to the complaint I alleged "5 appeals were sucessfully submitted at the commissioners level. The first on 2-1-19". This was before defendants answer revealed such went unprocessed, yet I also declared: "No reply nor relief has been granted". Although the mavority of grievances & appeals were prevented from going on the record this "does not necessaraly mean the were not filed" (SEE: Livingston v. Piskor, 215 F.D.R 84 (W.D.N.Y 200

Evidentiary exhibits were provided with this complaint as hardcore proof of staff misconduct (DE#1, Ex: K-2; I 1-8) Aside from those receipts I clearly showed the court the severity of defendant retaliations (Ex: K-1) & provided numerous examples of Goody's admitted & undisputed signiture/handwritting for comparison. In order to cover up this misconduct & administrative remedy obstructions defendant Goody, the grievance councelor has no choice but to purport that they are fabricated, Knowing very well that he signed & issued them then simply refused to process them. My main argument was never really acknowledged or taken in the light most favorable to plaintiff. Throughout the record I have excrutiatingly stressed the official misconduct that has made my administrative remedies unavailable. (DE#1; #48; #50; #55, #56, #57, #60, #70, & 72) It has been declared by all circuits that "prison officials may not take unfair advantage of the exhaustion requirement, however a remedy becomes "unavailable" if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting" [SEE: Dole v. Chandler, 438 F.3d 804 (7th Cir 2006); Grisby v. Mcbeth, 810 Fed. Appx. 136 (3rd Cir 2020); Aguilar-Avellaveda Terrell, 478 F.3d 1223 (10th Cir 2007)] Due to such misconduct & the lowers courts faulty analysis grievances which were rewrote in a rush, frustrated, & plainly intercepted from exhaustion were allowed to govern my claims.

## STANDARD OF REVIEW

The interpretation & application of the exhaustion requirement found in 42 USCS. ss 1997(a) is reviewed de novo. When factual findings have

USCA11 Case: 21-10989   Document: 30   Date Filed: 11/07/2022   Page: 13 of 27

been made, those are reviewed for clear error. Whatley v. Warden, 802 F.3d 1205 (11th Cir 2015)

## SUMMARY OF THE ARGUEMENT

The district court took all the contentions of defendants as true failing to correctly apply the two-step process of evaluation set forth in Turner v. Burnside, 541 F.3d 1077 (11th Cir 2008) going as far as providing their own reasons for dismissal of specific grievances when defendants failed or declined to explicitly utilize same at odds with the findings of this court in Whatley v. Warden, 802 F.3d 1205, 1209 (11th Cir. 2015), & omitting a grievance from discussion entirely when defendants failed or declined to address in the moving papers of defendant. It was with clear bias, influenced by the defendants purjered statements & doctored evidence, that the lower court prematurely dismissed my claims without proper examination of the merits. I was not afforded an adequate notice of Rule 12(b)(6) to Rule 56 motion conversion & denied discovery request pursuant to Garaux v. Pulley, 739 F.2d 437 (8th Cir. 1984). This "swearing match" between pro se plaintiff v. defendant grievance counselor could have been settled in the interest of justice more effectively according to "Pavey" standards as in Roberts v. Neal, 745 F.3d 232 (Cir 2014) & Haines v. Kerner, 404 U.S. 519 (1972). Even after effectively rebutting & piercing defendants evidence the stay on Discovery was not lifted nor were the alleged forged signitures in controversy analysed as prescribed in 28 U.S.C. § ss 1731 & Scharfenberger v. Wingo, 542 F.2d 328 (6th Cir. 1976)

# ARGUEMENT

A. Mr. Zavala's factual statements were not accepted as true &/or in the light most favorable to plaintiff & undue credibility was given to defendant grievance counselor without merit: The trial court dismissed my case based on the "findings" of fact that the allegations contained in the Goody Affidavit are more credible than the receipts submitted with my complaint [SEE: DE#1, Ex: A-H (attached grievance/appeal receipts) & Ex: I 1-8 (obstructed grievance receipts)] This, however, is an erroneous conclusion. To prevail on appeal, & make a finding that the lower courts decision was erroneous, this court, "After reviewing all of the evidence, must be left with the definite & firm conviction that a mistake has been committed". Whatley, supra, citing Bryant v. Rich, 530 F.3d. 1368, 1377 (4th Cir 2008) I respectfully contend that from the begining of this litigation I have alleged enough specific facts to establish staff misconduct in the prevention of exhausting my administrative remedies to raise a genuine issue. My complaint & every other document filed contained equivalent evidentiary force pursuant to 28. U.S.C.S. ss 1746. This includes my first brief in opposition & several additional briefs/declarations in opposition, objections, & all the way up to the motions to Alter Judgement, Reconsideration, Rule 60(b), & their objections to such made on record (DE# 75, 76, 81, 91, 95, & 100) Numerous cases in all circuits have backed up that it is the plaintiff &/or non-movants allegations that should be favored when considering motions to dismiss &/or summary judgement. I clearly alleged &, stand firm asserting under oath & penalty of purjery that Mr. Goody was the signer of the receipts submitted with my complaint & now has committed fraud upon the court to cover up his & co-defendants

USCA11 Case: 21-10989   Document: 39   Date Filed: 11/07/2022   Page: 15 of 27

affirmative misconduct. I was at all times & continue fully aware that I could be sanctioned & even criminaly charged for knowingly making false statements but I likewise recieve the benefit of adding the same weight & "like force effect" as defendants notorized affidavit, there by complying with Rule 12(b)(6) & Rule 56(e) evidentiary standards pursuant to Dale v. Lappin, 376 F.3d 652 (7th 2004); Anderson v. Liberty Lobby Inc., 477 U.S. 242, 91 L.Ed 2d 202, 106 S.Ct. 2505 (1986); Williams v. Brannman, 981 F.2d 901 (6th 1992); McNeal v. Macht, 763 F. Supp. 1458 (E.D.Wis. 1991) & a vast wealth of precedents. I assert I was thwarted from filing grievances, & retaliated agianst for trying to file them. The lower court erred in taking the Boody Affidavit as gospel over the evidence which is akin to believing the claims of a fox watching a hen-house in violation of the "Whitley" standards established in this Court (2015).

B. Adequate notice of Rule 12 to Rule 56 motion conversions, "Pavey" hearing, & request for discovery were denied: The district court erred in 3 more aspects. Given the circumstances of my encarceration I was surprized by this motion conversion due to inadequacy of notice & the explicit repetitive grants of "motions to stay discovery" as well as constant denials of relevant discovery as to the exhaustion issue, even materials subpoenad from the custody of the court. Before continueng with these arguments it should be noted that at all times during this litigation I was at an unfair disadvantage due to denials of medical treatments that kept me in pain & legaly blind as well as deprivations of law-library access & mail violations that prevented the effective litigation of this case. Request for orders of relief were

repetetively filed in the process of this appeal & ND Case ZAVALA v. SPINDEL, 1:20-CV-04416-SDG-RDC. Several petitions for relief were also made in the Middle District [DE#26, DE#67 (clearly seeking aid from vision impairments 91.6, & 1st Amendment law-library, writting material deprivation, & mail violations)] I objected to such denials in the District court (DE#72) I should also be noted that I would not of made it this far without a little assistance from an outside source with PACER access (SEE: DE#53 & 55) However, I lost communication with this assistance after being placed in SHU @ USP of ATL August 12th, 2020 & left to figure it out "legally-blind" & on my own without legal refrence/document & necessary law-library access. The lower court repetitively granted defendants "Motions to Stay Discovery" & motions styled "Motions to Dismiss". Nothing in defendants motions or especially court correspondences gave a hint that it was, in every effect, a motion for summary Judgement. In Garoux v. Pulley, 739 F.2d 437 (9th Cir. 1984) It is said that pro sē cases require "Strict compliance" with a notice that a motion to dismiss was to be converted into that of "Summary Judgement". I contend that in this case only a very inadequate "Order & notification of Motion to Dismiss" (DE#52) was recieved AFTER my first brief in opposition was already submitted. Nothing in this notification came close to mention the term "Summary Judgement". As an unschooled, pro sē prisoner plaintiff I challenge the adequacy & strict compliance of this notification because as repetitively informed/declared in previous court rulings, this notification likewise declared another reminder defendants motion to "Stay Discovery" had been GRANTED literally in bold letters. It is my position that if the district courts

(10)

intend to convert Rule 12 motions to Rule 56 & strictly enforce the adequate notice requirement in Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) quote from: 6 Moore's Fed. Practice in Moody v. Weymouth et al, 805 F.2d 30 (1st Cir. 1986), then the court should be strict in using transparent language & avoiding confusions. For Rule 56 (b) & (f) do not allow judgement or filing of such until "30 day of close of all discovery", I was confused as to the stay impeding me from commencing such. Sister circuits go as far as to affording plaintiffs a "Davey" hearing but none was issued in this case. I back my position with: Smith v. Tarrant County, 691 F.2d 207 (8th 1982); Roberts v. Neal, 745 F.3d 232 (7th Cir. 2014); Davey v. Conley, 544 F.3d 742; Underwood v. Hunter, 604 F.2d 367 (5th Cir 1979) Again I stress that court Rules state the time to file for SJ is 30 days "after" the close of ALL discovery, yet in this case discovery was stayed & the numerous request ignored making this motion a surprize (SEE: DE# 48, Pg. 3; DE# 56, 57, 60, 70, 72, 75, 76, 81, 91, 95, & 100) This compounded by the fact that im a prisoner seeking justice pro se is more than sufficient to find clear error pursuant to Murrell v. Bennett, 615 F.2d 306 (5th Cir. 1980) Just as in Murrell the district court overlooked the request for an attorney nor granted a subpoena for the vigorously requested discovery materials that were already in court custody. i.e. documents held at previous facility, security camara footage of submittions, & materials that were already submitted to the court, "recorded dates, time, & location of submittions wrote on the back of EVERY grievance/appeal receipts submitted with my complaint". Throughout the record I specifically explained

that all that had to be done was "peel the receipts of the page to view the data on the back". This evidence existed before the receipts became a controversy. Rule 12(b), likewise, requires "reasonable opportunity" to "present ALL pertinent material" to such a motion. (SEE: Elliot v. Pan American Container Corp., 705 F.2d 705 (3rd Cir 1983) quoting Bryson) I emphasized ALL in this citation because my endless request clearly asserted this was not all pertinent material. The opportunity to respond requires the opportunity to aquire proof. I contend that the notice recieved was late & inadequate (DE#52) pro se standards in Garaux, supra were required due to extraordinary circumstances I faced during this litigation & the district court erred in depriving me opportunity to aquire proof. (SEE: Portland v. Kaiser, 662 F.2d 641 (9th. 1986) & Haines v. Kerner, 404 U.S. 519 (1972)

C. Mr. Zavala's factual statements throughout the record effectively peirced defendants evidence & his rebuttals raised genuine disputes of material fact for a Jury to decide: Defendants claimed my receipts / "documentation is untrustworthy" for 2 reasons. First, "Mr. Goody has sworn inmates can & do fabricate false grievance/appeal receipts & that at no time did he recieve such from Zavala nor fail to immediately process in accordance with GDC Standard Operating Procedure." Second, Goody purports I could not have obtained an appeal form for grievance responce #281515 because it was closed & unappealable & this calls into question the veracity of my other allegations". (SEE: DE#37, pg.14) As previously argued Goody's Affidavit holds no more weight than mine pursuant to 28 U.S.C.S §s 1746. I effectively countered defendants first basis for dismissal. The

USCA11 Case: 21-10292 Document: 39 Date Filed: 11/07/2022 Page: 19 of 27

Second basis is now irrelevant establishing allegations of misconduct hindering my first attempts to exhaust these claims (DE #72, sect.A, §I 9-8 & those on DE #1) yet I still properly addressed & rebutted Goody's allegation concerning grievance #281515: "My sole reason for appealing was to correct the failure to state Evan's part" on the use of force, on the record after my initial better written grievances were not acknowledged when sent via in-house mail. It simple Just because Goody did not issue an appeal, does not mean that I did'nt use the form not used in exhibit B-2 of my complaint. (DE #1, Ex: B-2) Although it was "formaly closed" does not stop my free-will to submit an appeal anyway. Especially in light of the need of urgent relief & to inform a higher authorities of grievance obstructions & retaliations. Apparently the appeal was not processed. Apparently the appeal was never processed but I will prove through camora footage that Goody nonetheless recieved it, then signed & issued the reciept. (DE #1, EX: A-4) Despite of this geniune issue of fact the court proceeded to provide pretext to do away with my case. Attention was diverted from the main issue to more, although true, irrelevant rebuttals by not acknowledging nor addressing more important evidence piercing objections (DE #73 pg. 3-5) In my first responce in opposition & objections, (DE #48, #72. sect B. ¶ 2) I raised the geniune issue of Goody's claim under oath of always following the grievance policy yet mine & his own evidence clearly showing multiple "EMERGENCY" grievances ( health, safety, & welfare) & ADA claims not processed according to policy as he claimed in his purjered affidavit. The majority of grievance were seeking urgent relief but even when I wrote "EMERGENCY"

In big bold letters Goody processed them to fulfil his best wishes & went as far as scribbling over the word "EMERGENCY" (See: DE#1, Ex:#7). Goody was right about not recieving appeals for Ex:G, 1¶4 & H, 1¶4. This is because they were issued to MS. K. Farts. I would not be surprised if these appeals, although also hindered, actually made it on the appeal record. My 3rd & strongest objection was a petition for a "careful" analysis of "handwritting" that will give me a strong benefit of doubt whether the signitures were forged or not. (SEE: DE#72, Sect. D, ¶ 3-4) A 4th factor to consider is more controversy regarding grievance #281575 that will be addressed in detail below. Notwithstanding, the blatant disregard of my statements that held equal or more weight than defendant Goody's & the deprivation of opportunity to offer proof that I effectively rebutted all issues, pierced the evidence, & pointed to concerns that went undisputed by defendants & unaddressed by the court. I was forced to continue pursuit of relief due to defendants foul play in this litigation through more motions for relief, which again disregarded my essential issues unjustly. Concentrating on the above stated "handwritting/signitures" issue at the heart of this appeal. [DE#75, 76, 81, 84, 91, 95, 94, & 100]

D. No Handwritting compares pursuant to 28 U.S.C.S. § 1732 when our alleged forgery of signitures was the basis for dismissal. Since discovery was "stayed" & my statements were disregarded all I could do was continue to pierce the evidence provided in defendants Answers (DE#34) It has been historic good law declaring that admitted handwritting of the party or to have been subscribed by

him is competent evidence for comparison. These comparisons are better left for expert witnesses &/or a Jury to decide. [SEE: Moore v. US, 91 US 270, 23 LED 346 (1876); Dean v. U.S. 246 F. 568 (5th Cir 1917); U.S. v Swan, 396 F.2d 883 (2nd Cir. 1968); U.S. v. Woodson, 526 F.2d 550 (9th Cir 1975); Lemmons v. US, 62 F.2d 608 (8th Cir 1932); Fuston v. US, 22 F.2d 66 (9th Cir 1927)] Examples of the handwriting at the spot light of this appeal are rifled through both mine & deffendants evidentary exhibits even in documents that had nothing to do with SOP. 227. 02 Grievance Procedure. [SEE: DE#1 complaint, Ex: K-1 (Goody's handwriting & signature describing conditions of a cell hours before I was placed in it.)] The admitted signatures supplied in his evidentiary exhibits were also in existance before those on the receipts became a controversy & serve as competent evidence pursuant to Fed. R. of Evidence 901(b)(2)(3)(4)(7) &(8) The district court clearly erred in overlooking at the "entire" grievance record, Particularly signature on unrelated documents [SEE: DE#37, Ex: D (Attached Clothing Request) Lastly & most important, after regaining partial vision I petitioned on numerous motions for relief to address why J. GOODY waited until his signature became a controversy to make a pathetic yet audacious change of handwriting on his sworn notarized affidavit. (DE#37, Goody Aff.) The court erred in not giving due analysis to the signiture/ handwriting nor address the situation properly in light of Scharfenberger v. Wingo, 542 F.2d 328 (6th 1976)

E. Additional grounds to proceed with grievances # 281545 (281515), #281509, & 288104:

Both the district court & defendants refer to grievance

(15)

#2815145 as #281515. It was a second poorly drafted in a rush grievance concerning use of force becaused Goody denied receiving it through in-house mail. The lower court made the "finding" that it violated the single issue rule yet the grievance was never the less forwarded to the GDC investigations unit "effectively closing" & exhausting my grievance. (DE #57, Ex: E) This literal "finding" application of a reason to dismiss a party's claims by the court that defendants decline to reply to upon is improper. This court put it more eloquently in Whatley, supra @ 1213-14: "The District court enforced a procedural bar that the prison it self may have waived. We join our sister circuits in holding that district courts may not find lack of exhaustion by enforcing procedural bars that the prison declined to enforce". If the fact that the first grievances governing these claims were obstructed did not satisfy then this second ground should had been enough to allow them to proceed to the discovery phase of this case. I refuse to decline the pursuit of relief from a 3rd more grave issue in this case regarding grievance #281515, which continued to be a genuine issue of concern raised up in to my motions for relief on judgement: "Motion to Alter", "Rule 60(b), & extensive objections [SEE: DE #75, sect. B. 6-7; DE #81; #84; #91, Rule 60(b), sect. A 9 4.] The grievance was forged by adding an attachment belonging to my initial unprocessed grievances submitted

(16)

Via In-house mail which boody claimed to have never recieved. This is evident by taking a more carefull analysis under pro'sé standards of the grievance forms that made the record. A review of the entire record will reveal "See attached" on the description of incident & relief sought sections. Grievance forms were only allowed on the record when drafted to fit defendants self interest or deliberately altered so. Form #2815745 (281515) was significantly doctored then submitted as evidence to defendants "Answer" (DE #37, Ex: E). It should also be noted that the date on the main form & the "Attached" are diffrent & it proves boody recieved my forms sent via In-house mail & simply refused to process them. This action of submitting doctored evidence is a froud upon the integrity of the court violating criminal statutes & Lonsdorf v. Seefeld, 47 F.3d 1893 (7th Cir. 1995). A witness affidavit was sent with this motion but disregarded by the lower court. (DE #95, Ex: A) The evidence was very difficult to obtain as a pro sé prisoner plaintiff warehoused in SHU, deprived of writting materials, enduring denials of urgent medical treatments, & other unconstitutional conditions mentioned in both appellate & district records of this case & in ND case ZAVALA v. SPINDEL, 1:20-CV-4416. I consistantly prayed for pro sé lieniency for harmless errors specially in the light most favorable to plaintiff/non-movant when staff misconduct & administrative remedy barriers are alleged. I can further prove all of my allegations once the district court lifts its orders to "Stay Discovery". Defendants acts constitute a froud upon the court (SEE: Chewing v. Ford Motor Co., 35 F.Supp 2d 487 (S.C. 1998). Grievance #281509 was simply never addressed by the court

nor was reason provided for its dismissal. It an essential piece of evidence in both complaint & answer (DOE #1 & #37) Because it contains an example of Goody's admitted handwriting/signiture from before it became subject to comparison & he changed his signiture style on his purdered affidavit. We should also note that like many of my grievances this form continues to an (attached page) until #281515 purports to after being doctured by Defendant. Lastly, notice how I could not appeal because I had to use this form to appeal "closed grievance" #281515 in hopes of urgent relief. Grievance #288104 was also dismissed without defendants supplying a basis. The courts conclution that no appeal was filed is likewise not supported by the evidence. Goody only alleges "the name of the councelor can not be read" but does not contend it was forged. This one he does not alleged to be forged is one submitted to Another SMU councelor Ms. Forts. It is unknown if it made the appeal record yet this grievance met the 10-day limit without a doubt because it was filed May 5th, 2019 the date Lt. Davis advised me the property "had been released weeks ago", hence the date of becoming aware of the incident. For those reasons this should also proceed.

## CONCLUTION

Congress could have never intended for the "exhaustion requirement" of the PLRA to be exploited & corrupted by prison officials as it has been nation wide in the past decade.

USCA11 Case: 21-10989    Document: 39    Date Filed: 11/07/2022    Page: 25 of 27

The additional work & frustrated efforts of a pro se prisoner plaintiff in litigating this "case within the case" would not have been necessary if the 2-step Turner process was followed as in Whatley v. Warden [SEE ALSO: Dale v. Chandler, 438 F.3d 804 (7th Cir. 2006); Dillon v. Roger, 596 F.3d 260 (8th Cir 2010). Defendants should be estopped from using exhaustion for their misconduct & I should be afforded an opportunity to offer proof, ALL pertinent materials as in Roberts v. Neal, 745 F.3d 232 (7th Cir 2014). I pray for remand of this case for clear errors against good case law, court rules, & federal statutes & that the Hon. Courts do not fail me in pursuit of Justice. x DZX

• • • EXECUTED • • •

On this 1st day of                    Respectfully,
November, 2022                    DAVID ZAVALA, pro se
in Fulton county, ATL, GA.


David Zavala #C1574120
USP of ATL
PO Box 150160
ATL, GA, 30315

## CERTIFICATE OF SERVICE

I here by state & certify under penalty of purjery that im filing this brief & motion to the 11th cir courts, to my believe meeting the 3 days grace & mail box rule time limit. Issuing it to DCV-1 officers Nov, 1st, 2022 through standard mail for lack of legal mail services & using standard USPS postage stamps.

Respectfully
DAVID ZAVALA, pro se

On this 1st day of November, 2022.

David Zavala #01574120
USP of ATL
PO BOX 150160
ATL, GA, 30315