No. 21-10989

In the

# United States Court of Appeals
## for the Eleventh Circuit

David Zavala,

*Appellant,*

v.

Timothy C. Ward, et al.,

*Appellees.*

On Appeal from the United States District Court for the
Middle District of Georgia, Macon Division.
No. 5:19-cv-383 — Tilman E. Self, III, *Judge*

## BRIEF OF APPELLEES

Christopher M. Carr
  *Attorney General of Georgia*
Loretta L. Pinkston-Pope
  *Deputy Attorney General*
Roger A. Chalmers
  *Senior Asst. Attorney General*
Ellen Cusimano
  *Assistant Attorney General*

Office of the Georgia
  Attorney General
40 Capitol Square, SW
Atlanta, Georgia 30334
(404) 458-3597
ecusimano@law.ga.gov

*Counsel for Appellees*

Zavala v. Ward, No. 21-10989

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

I hereby certify that the following persons and entities may have an interest in the outcome of this case:

Ball, George, Appellee;

Cannon, Michael, Appellee;

Carr, Christopher M., Attorney General, Counsel for Appellees;

Chalmers, Roger A., Senior Assistant Attorney General, Counsel for Appellees;

Cusimano, Ellen, Assistant Attorney General, Counsel for Appellees;

Davis, Greg, Appellee;

Ford, Benjamin, Appellee;

Goody Johannes, Appellee;

Gore, Merry, Appellee;

Harper, Jimmy;

Magruder, Andrew M., Trial Counsel for Appellees;

Myrick, Ricky, Appellee;

Nopen, Michael, Appellee;

Pinkston-Pope, Loretta L., Deputy Attorney General, Counsel for Appellees;

Polite, Joseph, Appellee;

Self, Tilman E., United States District Court Judge;

Sumpter, Thomas, Appellee;

Taylor, Cedric, Appellee;

Toole, Robert, Appellee;

Wagy, Elaine, Appellee;

Ward, Timothy C., Appellee;

Weigle, Charles H., United States Magistrate Judge; and

Zavala, David, Appellant.

/s/ *Ellen Cusimano*
Ellen Cusimano

## STATEMENT REGARDING ORAL ARGUMENT

Appellees do not request oral argument in this case. The facts and legal arguments are adequately presented in the briefs, and oral argument would not significantly aid the decisional process.

# TABLE OF CONTENTS

**Page**

Statement Regarding Oral Argument ................................................. i

Table of Authorities ................................................................... iii

Statement of Issues ...................................................................... 1

Introduction ................................................................................... 2

Statement of the Case ................................................................... 3

    A. Factual and Procedural Background .................................... 4

    B. Standard of Review ............................................................ 7

Summary of Argument .................................................................. 7

Argument ....................................................................................... 8

    I. The district court correctly concluded that Zavala failed to exhaust administrative remedies under the PLRA. ............ 8

        A. The district court correctly determined at the first step that three of Zavala's grievances did not constitute exhaustion of administrative remedies......................... 10

        B. The district court correctly determined under the second step that the remaining five grievances did not constitute exhaustion of administrative remedies. ...... 11

Conclusion ................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**                                                              **Page(s)**

*Bryant v. Rich*,
    530 F.3d 1368 (11th Cir. 2008)………………….8, 11, 12, 13, 14

*Maldonado v. Baker Cty. Sheriff's Office*,
    23 F.4th 1299 (11th Cir. 2022)…………………………………...2

*Turner v. Burnside*,
    541 F.3d 1077 (11th Cir. 2008)……………………………………...9

*Varner v. Shepard*,
    11 F.4th 1252 (11th Cir. 2021)……………………..1, 7, 9, 11, 12

*Whatley v. Smith*,
    898 F.3d 1072 (11th Cir. 2018)……………………………….3, 11

*Wheeler v. Jones*,
    2017 U.S. App. LEXIS 27368 (11th Cir. Dec. 9, 2019)…...3, 10

*Woodford v. Ngo*,
    548 U.S. 81 (2006)…………………………………………….2, 7, 10

## STATEMENT OF ISSUES

1.    Did the district court correctly conclude that Zavala failed to exhaust the available prison administrative remedies through three of his grievances when those grievances contained more than one issue—in violation of the grievance policy—and the prison rejected the three grievances on that basis?

2.    When the parties present conflicting evidence on the issue of exhaustion, the district court must resolve the factual disputes, and its fact-finding cannot be disturbed on appeal absent clear error.  *Varner v. Shepard*, 11 F.4th 1252, 1257 (11th Cir. 2021).  Here, the district court considered the parties' conflicting evidence with respect to five of Zavala's grievances and concluded that Zavala failed to appeal the denial of those grievances because no such appeals were in his grievance records or listed on his grievance history, and Zavala's counselor testified that he did not receive or sign any grievance appeals.  Did the district court clearly err when it concluded that Zavala failed to exhaust the available prison administrative remedies through the five grievances on this evidence?

## INTRODUCTION

Appellant David Zavala is a Georgia state prisoner confined at the Georgia Diagnostic and Classification Prison.  He sued multiple prison officials for allegedly violating his First, Eighth, and Fourteenth Amendment rights.[1]  As a pre-condition to filing suit, Zavala was required to exhaust available administrative remedies under the Prison Litigation Reform Act.  *See, e.g.*, *Maldonado v. Baker Cty. Sheriff's Office*, 23 F.4th 1299, 1307 (11th Cir. 2022).  The district court concluded that Zavala failed to exhaust the available prison administrative grievance process for his section 1983 claims and thus dismissed the action.  That decision was correct, and this Court should affirm.

The PLRA requires "proper" exhaustion—that is, a prisoner must "comply with an agency's deadlines and other critical procedural rules."  *Woodford v. Ngo*, 548 U.S. 81, 84 (2006).  And the Georgia Department of Correction's grievance policy contains several critical procedural rules, including that: (1) a grievance must contain only one issue, and (2) inmates must appeal the denial of a grievance.  Yet it is undisputed that, of Zavala's eight

---

[1] The Appellee prison officials in this case are Joseph Polite, Cedric Taylor, Robert Toole, Ricky Myrick, Johannes Goody, Michael Cannon, Benjamin Ford, Timothy Ward, Greg Davis, George Ball, Michael Nopen, Merry Gore and Jimmy Harper.

attempted grievances, three of them impermissibly contained multiple issues, and the prison denied them on that basis. Zavala therefore failed to properly exhaust administrative remedies through those three grievances. *See, e.g.*, *Wheeler v. Jones*, 2017 U.S. App. LEXIS 27368 (11th Cir. Dec. 9, 2019) (affirming the dismissal of the inmate's case for failure to exhaust because the inmate's grievance contained more than one issue).

As for the remaining five grievances, the parties submitted conflicting evidence about whether Zavala appealed the denials of those grievances. Ultimately, the district court found that the prison officials' evidence was more credible based on Zavala's grievance file and an affidavit from his counselor. This fact-finding cannot be disturbed absent clear error, which Zavala has failed to show on appeal. *Whatley v. Smith*, 898 F.3d 1072, 1082 (11th Cir. 2018). This is because "[w]here there are two permissible views of the evidence," the district court's choice of one of those views "cannot be clearly erroneous." *Id.* at 1083. This Court should affirm.

## STATEMENT OF THE CASE

Zavala, a state prisoner, sued the prison officials under 42 U.S.C. § 1983 for multiple alleged violations of his constitutional rights. The district court dismissed all of Zavala's claims for

failure to exhaust under the PLRA, and he appeals that ruling here.

### A.  Factual and Procedural Background

Zavala sued the prison officials under section 1983 for allegedly violating his constitutional rights during his incarceration at Georgia Diagnostic and Classification Prison. ECF No. 1.  Specifically, he claimed that the prison officials used excessive force against him during a cell shakedown; his housing assignment in the special management unit violated his due process rights; the prison officials unlawfully exposed him to cold temperatures in a strip cell; they routinely deprived him of meals; they did not allow him to engage in proper hygiene; they unlawfully exposed him to human waste; they denied him adequate out-of-cell activity; they unlawfully exposed him to paint fumes; they retaliated against him for submitting grievances and complaining about the conditions of his confinement; and they failed to provide him with adequate medical care for an alleged eye condition and neck pain.[2]  *Id.*

---

[2] Zavala also asserted supervisory claims against several of the prison officials, as well as claims that they violated his due process rights by allegedly mishandling his grievances, that they unlawfully seized his personal property, and that they failed to provide him with adequate mental health treatment.  ECF No. 1.

It is undisputed that Zavala submitted eight grievances relating to these claims. The prison rejected four of those grievances because they were procedurally defective. Specifically, Grievance Nos. 281515, 285957, and 293815 impermissibly contained more than one issue, ECF Nos. 37-7 at 3, 37-13 at 3, 37-20 at 1, and Grievance No. 288104 was untimely, ECF No. 37-16 at 1. The prison denied the other four grievances (Grievance Nos. 283697, 282680, 285962, 290298) on the merits. ECF Nos. 37-9 at 1, 37-11 at 1, 37-14 at 1–2, 37-16 at 1–2. Zavala alleged in his complaint that he appealed the denial of these four grievances (as well as the grievance that was rejected as untimely), and he attached alleged receipts for the appeals that purportedly contain the signature of his grievance counsel, Johannes Goody. ECF Nos. 1 at 4, 1-3, 1-7, 1-11, 1-14, 1-17, 1-23.

The prison officials moved to dismiss all of Zavala's claims for failure to exhaust at the outset of the case. ECF No. 37. In support, they submitted an affidavit from Counselor Goody, who testified that inmates "can and do fabricate false … grievance appeal receipts." ECF No. 37-2 at 7. He further testified that he

---

The district court dismissed these claims at the screening stage, and Zavala does not appear to be appealing that dismissal here. ECF No. 11.

did not receive a grievance appeal from Zavala for five of the grievances at issue (the four grievances that were denied on the merits and the grievance that was denied as untimely), and that he "did not complete the grievance appeal receipt[s]" that Zavala submitted with his complaint. *Id.* at 8–13. Counselor Goody also attached a copy of Zavala's grievance history, grievances, and grievance-related documents as exhibits to his affidavit, which confirmed his testimony. ECF Nos. 37-4–21.

The district court granted the prison officials' motion and dismissed Zavala's claims for failure to exhaust. ECF No. 73. In doing so, it concluded that Zavala failed to exhaust through three of his grievances because they impermissibly contained more than one issue and were rejected by the prison for that reason.[3] *Id.* at 3. As to the remaining five grievances, the district court reviewed the parties' evidence and found that "Zavala forged receipts of central office appeals for each of these grievances, and the

---

[3] As for the grievance that Zavala submitted outside of the 10-day grievance period (Grievance No. 288104), the district court concluded that Zavala did not appeal the denial of this grievance and, thus, did not reach the timeliness issue. ECF No. 73 at 2 ("Because the Court is satisfied that grievance 288104 was not appealed to the central office, an analysis of whether this grievance complied with the 10-day rule is not necessary").

declaration of Officer Goody as well as Zavala's grievance history report proves it." *Id.* at 5.

## B.  Standard of Review

A district court's application of the PLRA's exhaustion requirement is reviewed *de novo*.  *Varner v. Shepard*, 11 F.4th 1252, 1257 (11th Cir. 2021).  The district court's factual findings relating to the exhaustion requirement are reviewed for clear error.  *Id.*

## SUMMARY OF ARGUMENT

This Court should affirm the dismissal of Zavala's claims for failure to exhaust administrative remedies for two reasons.

*First*, it is undisputed that Zavala included more than one issue in three of his grievances, which was improper under Georgia's grievance policy, and that those grievances were rejected by the prison and not considered on their merits because of that procedural defect.  As a result, Zavala failed to "properly" exhaust the available prison administrative remedy through any of those three grievances, as required by the PLRA.  *Woodford*, 548 U.S. at 84.

*Second*, Zavala failed to appeal the denial of the remaining five grievances, which is a required step under Georgia's grievance

policy.  In reaching this conclusion, the district court weighed the parties' conflicting evidence and made findings of fact that, absent clear error, cannot be disturbed on appeal.  *Bryant v. Rich*, 530 F.3d 1368, 1377 (11th Cir. 2008).  No such error exists here.  The record shows that, even though Zavala claims to have appealed these five grievances, the purported appeals are not listed in his grievance history, they are not present in his official grievance records, and Counselor Goody testified that he did not receive or sign for any grievance appeals.  This version of the facts is more than plausible.  Consequently, even if this Court would have resolved the parties' factual dispute differently (and even if the district court, in the first instance, *could* have resolved it differently), this Court should affirm.

## ARGUMENT

## I.    The district court correctly concluded that Zavala failed to exhaust administrative remedies under the PLRA.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 … by a prisoner … until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Thus, "when a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a

grievance and exhaust the remedies available under that
procedure before pursuing a § 1983 lawsuit." *Varner*, 11 F.4th at
1257. In other words, exhaustion is "a precondition to filing an
action in federal court." *Id.* at 1260.

There is a two-step process for analyzing exhaustion. *Turner
v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). *First*, the
district court must determine whether the complaint should be
dismissed for lack of exhaustion "tak[ing] the plaintiff's version of
the facts as true." *Id. Second*, if the complaint is not dismissed at
the first step, then the district court must "make specific findings
in order to resolve the disputed factual issues related to
exhaustion" and must "decide[] whether under those findings the
prisoner has exhausted his available administrative remedies."
*Id.* at 1082–83.

Here, the district court correctly determined at the first
*Turner* step that three of Zavala's grievances do not constitute
proper exhaustion because it is undisputed that those grievances
impermissibly contained more than one issue. The district court
also correctly determined at the second *Turner* step that the
remaining five grievances do not constitute proper exhaustion
because the record contains evidence that Zavala failed to appeal
the prison's denials of those grievances.

### A. The district court correctly determined at the first step that three of Zavala's grievances did not constitute exhaustion of administrative remedies.

The law is well settled that "*proper* exhaustion of administrative remedies is necessary." *Woodford*, 548 U.S. at 84 (emphasis added). And "proper exhaustion," in turn, "demands compliance with an agency's deadlines and other critical procedural rules." *Id.* In Georgia, one of those rules is that "the complaint on the Grievance Form must be a single incident/issue." ECF No. 37-3 at 7. Zavala failed to comply with this rule for three of his grievances: Grievance Nos. 281515, 293815, and 285957. ECF Nos. 37-7 at 3, 37-20 at 1, 37-13 at 3. All three grievances— on their face—contain more than one issue, and the prison rejected all three grievances for this reason. *Id.* Zavala does not dispute any of this. The district court therefore correctly determined at the first *Turner* step that these three grievances do not show or constitute proper exhaustion of administrative remedies. *See, e.g.*, *Wheeler v. Jones*, 2017 U.S. App. LEXIS 27368 (11th Cir. Dec. 9, 2019) (affirming the dismissal of the inmate's case for failure to exhaust because the inmate's grievance contained more than one issue).

Zavala's argument on appeal with respect to these three grievances is difficult to understand. He seems to argue that the

prison "waived" the procedural defect in these grievances.  Br. at 23.  But that is not correct.  "[A] prison does not waive a procedural defect unless and until it decides the procedurally flawed grievance on the merits at the last available stage of administrative review." *Whatley*, 898 F.3d at 1083.  And the prison never decided Grievance Nos. 281515, 293815, or 285957 on the merits.

## B. The district court correctly determined under the second step that the remaining five grievances did not constitute exhaustion of administrative remedies.

"Proper exhaustion" also means "using all steps that the agency holds out." *Varner*, 11 F.4th at 1257; *see also Bryant*, 530 F.3d at 1378 ("To exhaust administrative remedies in accordance with the PLRA, prisoners must properly take each step within the administrative process.").  In Georgia, one such critical step is submitting an appeal.  ECF No. 37-3 at 11.  Specifically, when a prison has denied an inmate's grievance, the inmate "has seven (7) Calendar Days from the date he/she receives the response to the grievance … to file a Central Office Appeal."  *Id.*  Dismissal for failure to exhaust is thus appropriate when an inmate fails to submit a grievance appeal.  *See, e.g., Varner*, 11 F.4th at 1257

(concluding that two of the inmate's grievances "were not exhausted because [he] did not appeal their dismissal").

Here, the parties submitted conflicting evidence on whether Zavala appealed the denial of his remaining five grievances (Grievance Nos. 283697, 282680, 285962, 288104, 290298). The district court was therefore required to "act as a factfinder in resolving this factual dispute," *Bryant*, 530 F.3d at 1374. Zavala argues on appeal that, by engaging in fact-finding, the district court impermissibly converted the prison officials' motion to a motion to dismiss to a motion for summary judgment without giving him notice of the conversion and without allowing him to conduct discovery. Br. at 16–19. He is incorrect. Exhaustion is a "matter in abatement" that is properly addressed in a motion to dismiss. *See, e.g.*, *Bryant*, 530 F.3d at 1374 (quotations and citations omitted). District courts may therefore consider facts outside the pleadings and resolve factual disputes, so long as the fact finding does not touch on the merits, without converting the motion into a motion for summary judgment. *Id.* at 1376–77.

When, as here, a district court makes factual findings, those findings cannot be overturned on appeal unless the district court committed clear error, *Varner*, 11 F.4th at 1257. "For a factual finding to be clearly erroneous, this court, after reviewing all of

12

the evidence, must be left with the definite and firm conviction that a mistake has been committed." *Bryant*, 530 F.3d at 1377.  If the district court's account of the evidence "is plausible in light of the record viewed in its entirety," this Court "may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Id.* at 1378.

The district court—after reviewing all of the parties' evidence—resolved the fact issue about whether Zavala appealed the five remaining grievances in the prison officials' favor.  ECF No. 73 at 5.  This factual finding is more than "plausible in light of the record." *Bryant*, 530 F.3d at 1378.  In particular, Counselor Goody testified that he did not receive appeals from Zavala for these five grievances.  ECF No. 37-2 at 6–12.  He likewise testified that inmates "can and do fabricate false … grievance appeal receipts" and that he did not sign the purported grievance appeal receipts that Zavala attached to his complaint.  *Id.*  Zavala's official grievance file confirms Counselor Goody's testimony—i.e., his grievance history (a form that shows initial grievances and grievance appeals) shows that he did not appeal the denial of these five grievances, and no appeal receipts or other appeal documents are present in the prison's grievance documentation.  ECF No. 37-4—21.  Based on this record, the district court's finding

that Zavala failed to appeal the five grievances is more than plausible. This Court must therefore affirm, even if it would have resolved the evidentiary issue differently. *See, e.g.*, *Bryant*, 530 F.3d at 1378.

## CONCLUSION

For the reasons set out above, this Court should affirm the judgment of the district court.

Respectfully submitted.

/s/ *Ellen Cusimano*
Christopher M. Carr
   *Attorney General of Georgia*
Loretta L. Pinkston-Pope
   *Deputy Attorney General*
Roger A. Chalmers
   *Senior Asst. Attorney General*
Ellen Cusimano
   *Assistant Attorney General*

Office of the Georgia
   Attorney General
40 Capitol Square, SW
Atlanta, Georgia 30334
(404) 458-3597
ecusimano@law.ga.gov

*Counsel for Appellees*

14

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitation of Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure because it contains 3,343 words as counted by the word-processing system used to prepare the document.

/s/ *Ellen Cusimano*
Ellen Cusimano

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2023, I served this supplemental appendix by mailing it via the United States Postal Service to the following non-CM/ECF participants:

David Zavala
GDC No. 0157412
USP of Atlanta
P.O. Box 150160
Atlanta, GA 30315

/s/ *Ellen Cusimano*
Ellen Cusimano